# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Larry L. Hudson, ) | |
| ) | Civil Action No. 5:15-cv-04314-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| New Idea Corporation, AVCO Corporation, ) | |
| and Godley Auction Company, Inc. of SC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court under Plaintiff Larry Hudson's ("Plaintiff") Motion to Remand the case to the Court of Common Pleas for Orangeburg County, South Carolina. (ECF No. 11.) Defendant AVCO Corporation ("Defendant") opposes Plaintiff's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 18.) For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 11).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a South Carolina resident, filed this products liability action in the Orangeburg County Court of Common Pleas on March 27, 2015. (*See generally* ECF No. 1-1 at 5–7.) Plaintiff named as Defendants New Idea Corporation ("New Idea"), AVCO Corporation ("AVCO"), and Godley Auction Company, Inc. of SC ("Godley Auction"). *Id.* Plaintiff's chief complaint is that a design defect in a two-row corn picker—allegedly designed and manufactured by Defendants AVCO and New Idea and sold by Defendant Godley Auction—resulted in Plaintiff's left hand being severed from his arm, causing him severe and permanent injuries. (*Id.* at 5–6.)

1

After filing its Answer in the Orangeburg County Court of Common Pleas on October 19, 2015, (ECF No. 4), Defendant AVCO filed its Notice of Removal to this Court on October 22, 2015, (ECF No. 1), alleging that the case is removable to this federal court under 28 U.S.C. § 1441 (2012), as this case is a controversy between citizens of different states.  In its Notice of Removal, Defendant AVCO states that it is a Delaware corporation with its principal place of business in Wilmington, Massachusetts; that Defendant New Idea "is not an existing separate legal entity;" and that Defendant Godley Auction "is not a legal person or entity."  (ECF No. 1 at 2.)

In his Complaint, Plaintiff alleges not only that Defendants AVCO and New Idea do business in the State of South Carolina, (ECF No. 1-1 at 5), but also that Defendant Godley Auction was incorporated and has its principal place of business in the State of South Carolina.  (*Id.*; *see also* ECF No. 11-3.)  In its Notice of Removal, Defendant AVCO argues that Defendant Godley Auction's citizenship should be disregarded because Defendant Godley Auction dissolved as a corporation in 2013.  (ECF No. 1 at 2.)

Now before the court is Plaintiff's Motion to Remand this case to the Court of Common Pleas for Orangeburg County, South Carolina, (ECF No. 11), which this court considers below.

## II. LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996).  If federal jurisdiction is doubtful, remand is necessary.  *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state

2

court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant."). Moreover, a corporation is a "citizen" of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

### III. ANALYSIS

The dispute before this court centers on whether Defendant Godley Auction provides the basis for remand under 28 U.S.C. § 1332(a) since it, according to Plaintiff, is being sued as a South Carolina citizen, thereby destroying complete diversity of citizenship. (ECF No. 11 at 3–5.) Plaintiff secondly argues that Defendant AVCO's Notice of Removal (ECF No. 1) is

3

defective since Defendant AVCO never obtained Defendant Godley Auction's consent to remove the case. (ECF No. 11 at 5.)

In its Notice of Removal, Defendant AVCO asserts that Defendant Godley Auction, as a dissolved corporation, "should be disregarded for purposes of diversity jurisdiction." (ECF No. 1 at 2.) Plaintiff counters in his Motion to Remand:

> Defendant Godley Auctions dissolved on April 13, 2013, and Plaintiff filed this action on March 27, 2015. Therefore, Godley Auction's status as a dissolved corporation does not affect its South Carolina citizenship.
>
> Under Defendant AVCO's argument, Godley Auction has no citizenship. This directly contradicts South Carolina law . . . that a dissolved corporation may be sued—meaning it retains citizenship even after dissolution. Godley Auction is a South Carolina citizen with the capacity to be sued. Godley Auction's dissolution does not provide a basis for removal because it does not result in complete diversity among the parties, as required by 28 U.S.C. § 1332.

(ECF No. 11 at 4–5 (citing *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 358–59 (3d Cir. 2013).)

"When a corporation is dissolved, the federal courts look to state law to determine which claims and remedies survive against the corporation." 13F Wright & Miller § 3623, p. 30; *see also Ripalda v. Am. Operations Corp.*, 977 F.2d 1464, 1468 (D.C. Cir. 1992) (concluding that "federal courts should look to state law in order to determine whether a corporation is extant at the time a suit is filed against it"). Under South Carolina law, "[d]issolution of a corporation does not . . . prevent commencement of a proceeding by or against the corporation in its corporate name." S.C. Code Ann. § 33-14-105(c)(5) (2015). For the purposes of being sued, South Carolina states that "[a] dissolved corporation continues its corporate existence," § 33-14-105(a), and a plaintiff may assert claims against a dissolved corporation for five years after that corporation's dissolution. § 33-14-107(b)(3); *see also, e.g.*, *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 358–59 (3d Cir. 2013) (considering a Pennsylvania state statute similar to

4

South Carolina's and concluding that "when such a state statute renders a dissolved corporation sufficiently alive to sue, the corporation also retains its citizenship for purposes of diversity jurisdiction" (internal quotation marks omitted)).

Referring this court to no authority, Defendant AVCO contends in response that such laws of South Carolina allowing for a dissolved corporation to be sued in its corporate name is based on the premise "that upon the act of dissolution there would remain a corporation in existence which affairs were to be concluded and its existence as a corporation liquidated." (ECF No. 18 at 3.)  Defendant AVCO seems to imply that Defendant Godley Auction does not qualify as such a corporation because it does not "continue in any form." (*Id.* at 5.)  Therefore, Defendant AVCO argues, Plaintiff's claims "now are relegated to an action against the shareholder(s) of the dissolved company who received assets from the dissolved company." (*Id.* (citing *S.C. Dep't of Soc. Services v. Winyah Nursing Homes, Inc.*, 282 S.C. 556 (S.C. App. 1984).)

This court finds Defendant AVCO's reasoning unavailing.  As Plaintiff rightly points out, Defendant's argument appears to ignore controlling South Carolina law, which clearly states: "Dissolution of a corporation does not . . . prevent commencement of a proceeding by or against the corporation in its corporate name,"  S.C. Code Ann. 33-14-105(c)(5), as well as the official comment to that statutory provision, which clarifies that the provision "expressly reserves all . . . common law attributes of dissolution and makes it clear that the rights, powers, and duties of shareholders, the directors, and registered agent are not affected by dissolution and that suits by or against the corporation are not affected in any way."  *Id.*  This very court has concluded that "South Carolina law permits a dissolved corporation to be sued," *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 2011 WL 3665335, at *3 (D.S.C. 2011) (citing S.C. Code Ann. §§ 33-8-101, 33-14-

5

105(c)) (2015), and this remains so, even if a plaintiff can also pursue a judgment against that corporation's shareholders. *See S.C. Dep't of Soc. Services v. Winyah Nursing Homes, Inc.*, 282 S.C. 556 (S.C. App. 1984) (concluding that "after dissolution of a corporation and distribution of its assets, an unpaid creditor . . . may recover from a shareholder only to the extent of assets received by the shareholder in the distribution"). Defendant's arguments therefore fail.

Plaintiff alleges that Defendant Godley Auction was incorporated and has its principal place of business in South Carolina, (*see* ECF Nos. 1-1, 11-3), which Defendant AVCO does not directly dispute. Because Plaintiff also is a South Carolina resident, there is not complete diversity of citizenship among the parties in this matter. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009). This court therefore cannot retain jurisdiction on the basis of diversity of the parties.

Defendant AVCO nonetheless attempts to defeat Plaintiff's Motion to Remand by secondly arguing that the citizenship of Defendant Godley Auction should be disregarded since there are no "cognizable claims against an auction company for product liability claims under South Carolina law arising out of the facts alleged in this complaint." (ECF No. 18 at 5–7.) Defendant further agues that because there are no such cognizable claims, Defendant Godley Auction is a "sham defendant." (*Id.* at 8.)

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). To use this exception, "the removing party must demonstrate either 'outright fraud in the

6

plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden— it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "There need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.*

This court finds that Defendant has failed its burden under the fraudulent joinder doctrine. First, this court notes that Defendant supports its cognoscibility argument with precedent from other state jurisdictions instead of with any South Carolina law squarely holding that Plaintiff's claims are not cognizable. (*See* ECF No. 18 at 5–6.) The support from other state jurisdictions on which Defendant relies, however, addresses only the unavailability of strict liability causes of action as to auctioneers, not all tort liability causes of action. Here, Plaintiff also asserts negligence and warranty claims in this matter, which might separately allow for his relief under South Carolina law, even if Plaintiff's strict liability claims would not.

Secondly, and most importantly, the issue of whether auctioneers are appropriately considered "sellers" for the purposes of strict liability appears to be a novel issue in South Carolina. Indeed, Defendant, itself, concedes that the issue of whether auctioneers can be held liable, as sellers, for product liability claims is not a matter of settled law in South Carolina. (*See* ECF No. 18 at 6–7.) The Court of Appeals for the Fourth Circuit has suggested that novel state legal issues "cannot be the basis for finding fraudulent joinder." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (stating that "[n]o South Carolina case has squarely held" that

7

the plaintiff's claims in that case were foreclosed and therefore reversing the district court's remand of the case since the district court erroneously concluded that the defendant had been fraudulently joined). "The very fact that courts *may* differ in their resolutions . . . shows there is a possibility of recovery." *Id.* at 424 (emphasis added). Consequently, this court shares the sentiment of another fellow district court on the issue of what qualifies as a seller for the purposes of products liability: "This Court can not (but more importantly will not) predict how the state courts would define a 'seller' for purposes of strict products liability given their silence so far on this issue." *Moore v. Medtronic, Inc.*, 2006 WL 1795861, at *3 (D. Nev. 2006) (granting a motion to remand after applying the fraudulent joinder analysis and finding that it was unclear, as a matter of Nevada law, whether a sales representative was a "seller" under a theory of strict products liability, even though other state jurisdictions had concluded that sales representatives could not be considered "sellers").

In sum, the likelihood, as high as it may be, that South Carolina *would* find that an auctioneer is not a "seller" for the purposes of a strict liability claim is not the standard by which this court is to review a motion to remand. It is not this court's function to fashion a legal theory for a state where there is none for the purposes of applying the fraudulent joinder analysis and deciding whether to remand a case. Instead, this court will adhere to the clear standard that requires it to conclude that Plaintiff has not "a slight possibility of a right to relief in this matter" nor that he 'would be able to establish a cause of action against the in-state defendant in state court.' *Hartley*, F.3d 422 at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Moreover, the Fourth Circuit instructs that in applying the fraudulent joinder doctrine analysis, legal issues must be resolved in Plaintiff's favor. *Johnson v. Am. Towers*, LLC, 781 F.3d 693, 704 (4th Cir. 2015); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th

Cir. 1999) ("This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Based on the record before it, this court finds unsuccessful Defendant's efforts to make out a fraudulent joinder claim.

Because there is not complete diversity of citizenship among the parties, this court does not have subject matter jurisdiction over this case. And because Defendant does not meet its burden under the fraudulent joinder doctrine to show that Defendant Godley Auction is a sham defendant, this case is not otherwise removable.[1]

### IV. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Plaintiff's Motion to Remand (ECF No. 11) and **REMANDS** this action to the Court of Common Pleas for Orangeburg County, South Carolina, for further proceedings and rulings on the remaining motions.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 28, 2016
Columbia, South Carolina

---

[1] In light of these findings, this court finds no need to reach Plaintiff's argument that Defendant's Notice of Removal was defective. (*See* ECF No. 11 at 5.)